U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH ALBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., a corporation, | ) | Case Number: 12 CV 9785 |
| RE/MAX CITYVIEW, a corporation, | ) | |
| PRESTIGE MANAGEMENT SOLUTIONS, | ) | |
| LLC, a corporation, THE BROOKWOOD | ) | |
| CONDOMINIUM ASSOCATIOIN, | ) | |
| a corporation, THE FEDERAL HOME LOAN | ) | |
| MORTGAGE CORPORATION ("FREDDIE | ) | |
| MAC"), PATMAR JANITORIAL SERVICE, | ) | |
| INC., a corporation, ANANIAS GRANGER, JR., | ) | |
| individually, and as President and Owner of | ) | |
| A&D PROPERTY SERVICES, INC., | ) | |
| a corporation, and A&D PROPERTY SERVICES | ) | |
| INC. | ) | |

### DEFENDANT PRESTIGE MANAGEMENT SOLUTIONS, LLC'S
### ANSWER TO THE SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Defendant, PRESTIGE MANAGEMENT SOLUTIONS, LLC, a corporation, by and through its attorneys, CHILTON YAMBERT & PORTER LLP, and for its Answer to the Plaintiff's Second Amended Complaint at Law, states as follows:

### COUNTS I, II, IV, V, VI and VII

This Defendant makes no response to the allegations contained in Counts I, II, IV, V, VI and VII, as said Counts are directed against other Defendants.

### COUNT III

1. Defendant admits the allegations contained in paragraph 1.

1

2. Defendant admits upon information and belief the allegations contained in paragraph 2.

3. Defendant denies the allegations contained in paragraph 3.

4. Defendant denies the allegations contained in paragraph 4.

5. Defendant denies that the Plaintiff was exercising all due care and caution for his own safety. Defendant has insufficient knowledge to admit or deny the remaining allegations contained in paragraph 5 and, therefore, demands strict proof thereof.

6. Defendant admits to those duties imposed by Illinois law and denies that said duties are properly alleged in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8 and each and every subparagraph thereof.

9. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 9 and, therefore, demands strict proof thereof.

10. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 10 and, therefore, demands strict proof thereof.

11. Defendant denies that it left and/or permitted a glass window pane to be left on top of the garbage receptacle. Defendant has insufficient knowledge to admit or deny the remaining allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

WHEREFORE, Defendant, PRESTIGE MANAGEMENT SOLUTIONS, LLC, prays for judgment in its favor plus costs of this suit.

## AFFIRMATIVE DEFENSE

NOW COMES the Defendant, PRESTIGE MANAGEMENT SOLUTIONS, LLC, a corporation, by its attorneys, CHILTON YAMBERT & PORTER LLP, and for its Affirmative Defense, states as follows:

1. That at the time and place of the occurrence described in the Plaintiff's First Amended Complaint, the Plaintiff, Kenneth Albert, owed a duty to exercise ordinary care for his own safety.

2. Notwithstanding said duty, the Plaintiff, Kenneth Albert, did then and there commit one or more of the following negligent acts or omissions:

   a. Failed to see glass and/or a mirror that was on top of a dumpster.

   b. Opened the top of a dumpster when it was not safe to do so.

   c. Voluntarily encountered a condition, glass and/or a mirror on top of a dumpster, which presented an open and obvious condition.

   d. Tried to open a dumpster that had glass and/or a mirror on top of it when there were numerous other dumpsters available.

   e. Was otherwise careless and negligent.

3. That one or more of the foregoing was a proximate cause of the Plaintiff's claimed injuries.

WHEREFORE, Defendant prays for judgment in its favor plus costs of suit. Alternatively, Defendant prays that any judgment awarded to the Plaintiff be reduced by the percentage of negligence or comparative negligence attributable to the Plaintiff and that if said negligence or comparative negligence exceeds 50 percent, that judgment be entered for the Defendant. Furthermore, Defendant prays that any judgment awarded against it be deemed a

severable judgment in the event that less than 25 percent of the total fault is attributable to this Defendant as provided in §2-1117 of the Illinois Code of Civil Procedure.

Respectfully submitted,

_____
Jon Yambert

CHILTON YAMBERT & PORTER LLP
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 460-8000
Atty. No. 6184827