IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH ALBERT,

    Plaintiff,

vs.

BANK OF AMERICA, N.A., *et al.*,

    Defendants.

No. 12 C 9785

Magistrate Judge Schenkier

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Kenneth Albert seeks leave, pursuant to Federal Rule of Civil Procedure 15(a)(1), to file a Third Amended Complaint against the five remaining defendants in this lawsuit: RE/MAX CityView ("RE/MAX"), Prestige Management Solutions, LLC ("Prestige"), The Brookwood Condominium Association ("Brookwood"), A & D Property Services, Inc. ("A & D"), and Patmar Janitorial Service, Inc. ("Patmar") (doc. # 183). Four of these defendants (collectively, "Defendants")[2] oppose the motion, arguing that Plaintiff's proposed amended complaint is untimely and would cause them undue prejudice at this point in the litigation (docs. ## 184-86, 190). For the following reasons, we grant Plaintiff's motion for leave to file a Third Amended Complaint in the form attached to his motion.

I.

We begin with a brief factual and procedural history of the case. Plaintiff originally filed suit in the Circuit Court of Cook County, Illinois on March 12, 2012, alleging that he was

---

[1] On April 4, 2013, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to the Court for all proceedings, including entry of final judgment (doc. # 17).

[2] Defendant RE/MAX does not oppose Plaintiff's motion and thus is not classified for purposes of this motion as one of the "Defendants."

severely injured on July 21, 2011 when a mirror placed atop a dumpster located within the confines of his condominium complex slipped off and fell on his foot (Pl.'s Mot. for Leave to Am. Compl. ("Pl.'s Mot.") at 1 (doc. # 183)). Plaintiff alleged that all defendants were liable in negligence for his injury—which he maintains was a direct consequence of the improper handling of debris discarded from a foreclosed condominium unit located on the floor above Plaintiff's own unit (*Id.*).

On November 5, 2012, while still in state court, Plaintiff amended his original complaint to add as a defendant the Federal Home Loan Mortgage Corporation ("FHLMC"). The FHLMC then moved to transfer the case to federal court, and the case was transferred to the Northern District of Illinois on December 7, 2012 (Pl.'s Mot. at 1; doc. # 1). On April 25, 2013, Plaintiff amended his complaint for a second time to add three more defendants: Patmar, A & D, and Ananias Granger (doc. # 26).

Since the filing of the Second Amended Complaint, three defendants have been dismissed from the suit: Bank of America, N.A. (doc. # 60); Ananias Granger (doc. # 169), and the FHLMC (doc. # 175). The remaining defendants are the four who currently oppose the motion to amend, along with RE/MAX.

On July 9, 2014, the Court held a status hearing at which Plaintiff's attorney orally requested leave to file a Third Amended Complaint. The Court suggested that Plaintiff hold off on this filing until such time as the parties had successfully deposed Roy Duggin (a recalcitrant witness who had failed to appear for deposition pursuant to subpoena) or had otherwise dealt with his unwillingness to be deposed. This way, Plaintiff could better avoid the potential need to seek leave to further amend the complaint (Pl.'s Reply, Exh. A, p. 11 (doc. # 191)). Plaintiff's attorney acquiesced to this suggestion (*Id.* at 12). Three of the four defendants who now oppose

2

the motion for leave to amend (Brookwood, Prestige, and A & D) were present at that hearing; however, none of them objected to deferring Plaintiff's request to amend the complaint.

At a subsequent status hearing on October 21, 2014, in line with the Court's standing orders, the Court instructed each defendant who wished to file a summary judgment motion to first send a letter to Plaintiff's counsel outlining the bases for its position that it is entitled to summary judgment (Pl.'s Reply, Exh. B, p. 9). The Court set a due date of November 18, 2014 for these letters to be served (*Id.* at 10).[3] At that same hearing, Plaintiff's attorney asked for "seven days leave to file our amended complaint just to change some technical terms that we've been using" (*Id.* at 5). The Court noted that it would not grant leave to amend without seeing the proposed amendment, and so directed Plaintiff to file a motion if he wished to seek leave to amend (*Id.* at 6). The Court also sought assurance from Plaintiff's counsel that any amendment is "not going to substantively change . . . the claims so it probably wouldn't affect the defendant[s'] position regarding summary judgment" (*Id.*). To this, Plaintiff's counsel replied: "No, it would not" (*Id.*).

Finally, at a status hearing on December 17, 2014, Plaintiff orally moved for leave to file the instant motion (doc. # 182). The Court granted the motion and set a briefing schedule, and the motion now has been fully briefed.

## II.

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings and motions made before trial. Fed. R. Civ. P. 15(a). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should

---

[3] On March 2, 2015, the Court instructed Defendants to provide the Court with copies of the summary judgment letters they served on Plaintiff (doc. # 193). Only Brookwood and Prestige did so, but counsel for Plaintiff informed the Court by letter March 6, 2015 that he took receipt of letters from all Defendants and spoke by telephone to each of them, as well as RE/MAX, regarding summary judgment.

3

freely give leave when justice so requires." Although Rule 15(a) "reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848–49 (7th Cir. 2002)). Another basis for denying leave to amend is if there is a dilatory motive on the part of the movant. *See Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992).

In his motion, Plaintiff asserts that he seeks to amend his complaint only for purposes of "conform[ing] [it] to the proof" and to "reflect testimony that was given during oral fact discovery" (Pl.'s Mot. at 2, 6). To the extent that Plaintiff's assertion seeks to invoke Rule 15(b), Plaintiff mistakenly relies on a rule that governs proposed amendments to the pleadings during and after trial "to conform them to the evidence and to raise an unpleaded issue." Fed. R. Civ. P. 15(b)(2). Of course, we are at a pretrial stage. Thus, we consider Plaintiff's arguments under Rule 15(a)(2).[4]

Plaintiff maintains that his cause of action—negligence—remains unchanged and that his proposed amendment only adds new evidence—uncovered during discovery—that pertains to that cause of action. Accordingly, Plaintiff says that Defendants would not be prejudiced by the amendment (Pl.'s Mot. at 6). Plaintiff states as further proof of the lack of prejudice that no trial

---

[4]Plaintiff's reliance on Rule 15(b)(2), though misplaced in this case, draws our attention to Rule 15(b)(1), which addresses amendments made during trial. Specifically, Rule 15(b)(1) states that "[t]he court should freely permit an amendment" to the pleadings, based on a trial objection that "evidence is not within the issues raised in the pleadings . . . when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Rule 15(b)(1) is instructive here, at the pre-summary judgment phase, because it underscores the Federal Rules of Civil Procedure's liberal approach towards amendment even in the midst of trial. *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."); *King v. Kramer*, 763 F.3d 635, 643 (7th Cir. 2014).

4

date has been set and that no new discovery would be necessitated by the proposed amendment if it is granted (*Id.* at 5-6). Plaintiff also points out, as evidence of good faith and timeliness, that he first requested leave to amend at the status on July 9, 2014 (*Id.* at 4-5).

Defendants oppose the motion: they contend that the proposed Third Amended Complaint is untimely, and that allowing it to be filed would result in undue prejudice caused by the assertion of new allegations after the completion of fact discovery. Specifically, Brookwood asserts that while the current complaint sets forth "a negligence theory involving construction negligence or active negligence," the proposed complaint seeks to add "a negligence theory involving premises liability and passive negligence" (Brookwood's Mot. in Opp. at 4 (doc. # 184)). This, Brookwood contends, "is tantamount to advancing a new claim and creates significant prejudice to the defendants" (*Id.* at 5). Prestige argues that Plaintiff's proposed complaint raises for the first time allegations that Prestige failed to enforce Brookwood Condominium's Declarations and By-laws (Prestige's Mot. in Opp. at 2 (doc. # 185)). A & D likewise alleges that the proposed Third Amended Complaint seeks to add new theories, including the negligent delegation of authority, the negligent failure to train and supervise its subcontractor, and the negligent failure to investigate the qualifications of its subcontractor (A & D's Mot. in Opp. at 2 (doc. # 190)). Finally, Patmar maintains that Plaintiff's Third Amended Complaint seeks to add the new allegation that Patmar had a duty to rotate the dumpster at the "dumpster corral" (Patmar's Mot. in Opp. at 7-8 (doc. # 186)). All contend that these new allegations cause them prejudice because they have spent years formulating their defenses and because fact discovery has been completed in a fashion commensurate with the allegations set forth in the Second Amended Complaint.

5

Patmar also suggests that the motion was filed in bad faith. Patmar maintains that Plaintiff was aware months ago of the facts the underlie the new allegations set forth in the proposed Third Amended Complaint, yet Plaintiff purposely delayed moving for leave to file until after he received Patmar's summary judgment letter. In doing so, Patmar contends, Plaintiff first gained the tactical advantage of learning its blueprints for summary judgment and then "doctored-up" his Third Amended Complaint with information gleaned from the letter—all in a calculated effort to ward off Patmar's imminent summary judgment motion (Patmar's Mot. in Opp. at 6).

### III.

We find that Plaintiff did not unduly delay the filing of his request for leave to amend. Plaintiff first raised the matter of amendment with the Court on July 9, 2014. The transcript from this status hearing clearly confirms that Plaintiff asked for leave to file a Third Amended Complaint on that date, but that the Court suggested he wait until such time as either Mr. Duggin had been deposed or else the parties had come to an understanding on this matter.

Defendants all profess a lack of recollection of that colloquy, which is now documented by the transcript of the status hearing that Plaintiff filed with his reply. The verification that Plaintiff was prepared to seek an amendment as early as July but demurred at that time only at the Court's suggestion—and without opposition by Defendants—completely undermines Defendants' undue delay argument. Indeed, Patmar (the only Defendant not present at the July hearing when the colloquy took place) concedes that if the discussion occurred as Plaintiff recalls, then Plaintiff's motion should be granted (Patmar's Mot. in Opp. at 4). We reject Defendants' argument that Plaintiff unduly delayed in seeking to amend his complaint.[5]

---

[5]We recognize that on October 21, 2014, Plaintiff again asked the Court for leave to file an amendment within seven days, meaning by October 28, 2014, but did not actually do so until December 17, 2014. *See* Pl.'s

## IV.

In addition, we find that Defendants will not suffer undue prejudice as a result of the proposed amendment. The Seventh Circuit has ruled that "delay is an insufficient basis for denying a motion to amend unless this delay results in undue prejudice to the opposing party." *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992) (citing *Textor v. Bd. of Regents*, 711 F.2d 1387, 1391 (7th Cir. 1983)); *see also Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) ("[D]elay by itself is normally an insufficient reason to deny a motion for leave to amend.") (citing *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)).

Defendants contend that they would be unduly prejudiced by the Third Amended Complaint's inclusion of new legal theories. However, plaintiffs are not required to plead legal theories in their complaints. *See King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014); *see also Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 764 (7th Cir. 1999) ("We have consistently held that plaintiffs are not required to plead legal theories."). Identifying legal theories may help both defendants and the court understand how a plaintiff intends to prevail, but it is not required, provided the plaintiff gives "the defendant fair notice of what the claim against it is and the grounds upon which it rests." *EEOC v. Lee's Log Cabin, Inc.*, 546 F.3d 438, 449 (7th Cir. 2011) (internal citations and quotations omitted). While Defendants all assert that the Third Amended Complaint changed the nature of the legal theories alleged, we find that Defendants had fair notice of the claims against them while discovery was ongoing, and will not be unduly prejudiced by proposed amendments.[6]

---

Reply, Exh. B, p. 5-6. However, we do not find that this situation rises to the level of "undue delay" within the meaning of Rule 15, particularly where, as here, no trial date has been set.

[6] The cases that some Defendants cite are inapposite. These cases involve amendments to include ERISA, spoliation of evidence, or contract claims (*see* Brookwood's Mot. in Opp. at 4; A & D's Mot. in Opp. at 6), which in those cases were entirely new causes of action. Those decisions shed no light on the propriety of proposed

7

Defendants suggest that the proposed amendment would cause undue prejudice because approximately 20 witnesses have been deposed to date but were not fully questioned on matters pertaining to the new allegations. For example, Brookwood and Prestige contend that they did not have a chance to fully question certain deponents about Brookwood's Declarations and By-laws as to how they would bear on Plaintiff's negligence claims (Brookwood's Mot. in Opp. at 4; Prestige's Mot. in Opp. at 1-2). However, Plaintiff's counsel points out that he questioned witnesses on this very subject at various depositions (Pl.'s Reply at 8-9). Defendants had no less opportunity to question them on this subject, and perhaps every incentive to do so based on Plaintiff's questioning. Defendants' decision not to do so at that time provides no sound basis for a claim of prejudice now. We also observe that none of the Defendants has argued that granting the amendment would require that we reopen fact discovery for purposes of re-deposing any witnesses—many of whom are connected with various Defendants, and whom Defendants no doubt could speak to without the formality of a deposition.

We also find no merit to the argument that the new allegations set forth in the Third Amended Complaint are unduly prejudicial because they were made with an eye toward thwarting Defendants' imminent motions for summary judgment based on what Plaintiff learned from the summary judgment letters. Defendants suggest that Plaintiff had no intention of seeking to amend the pleadings until he saw the summary judgment letters, and that he waited until he was in possession of the letters in order to obtain a tactical advantage. These suggestions disregard that Plaintiff twice expressed his desire to amend—in July and October 2014—before Defendants served their summary judgment letters.

---

amendments that do not change the claim from negligence to some other cause of action, but instead offer allegations—based on discovery—to further flesh out the basis of an existing cause of action for negligence. *See also In re Barnes*, 96 B.R. 833, 837 (Bkrtcy. N.D. Ill. 1989) (amendments to a complaint that merely change the legal theory of relief generally are allowed, absent abuse or prejudice).

Finally, we should not forget that "the [ultimate] goal of the adversarial process is to determine the truth." *U. S. ex rel. Clark v. Fike*, 538 F.2d 750, 756 (7th Cir. 1976). If Plaintiff cannot support the allegations in his proposed amended complaint with evidence, either when responding to Defendants' motions for summary judgment or at trial, then Defendants ultimately will prevail. But what Defendants cannot do in the pursuit of a favorable outcome is to ask the Court to keep Plaintiff from adding new details to his pleading prior to summary judgment because they want assistance in thwarting Plaintiff at the summary judgment phase. While there are occasions when a plaintiff may engage in conduct that will cause a court to deny leave to amend, this is not one of them.

## CONCLUSION

For the foregoing reasons, we grant Plaintiff's motion for leave to file a Third Amended Complaint (doc. # 183). Plaintiff shall file the Third Amended Complaint attached to his motion as a separate document. Defendants shall answer the amended complaint by April 14, 2015.[7]

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: March 24, 2015

---

[7]Defendants do not argue futility as a basis for denying Plaintiff's motion for leave to amend. Thus, we see no basis for Defendants filing a motion to dismiss rather than an Answer to Plaintiff's Third Amended Complaint.

9